UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                              Criminal No. 19-cr-31-LM-2
                                                  Opinion No. 2021 DNH 093 P

Israel Perez

**O R D E R**

Defendant Israel Perez moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. Doc. nos. 155, 157. As Mr. Perez has exhausted available administrative remedies, his motion is properly before the court. See 18 U.S.C. § 3582(c)(1)(A).

To obtain a sentence reduction, Mr. Perez must demonstrate (1) that extraordinary and compelling reasons for a sentence reduction exist, and (2) that such a reduction would be consistent with applicable sentencing factors set forth in 18 U.S.C. § 3553(a) as well as any applicable policy statements from the Sentencing Commission. See id.

In the context of the current pandemic, courts have held that a combination of health and age factors that put a prisoner at a substantially higher risk due to COVID-19 along with a documented risk of disease in the facility where the defendant is incarcerated may demonstrate extraordinary and compelling reasons to reduce a prisoner's sentence. United States v. Patten, Crim. No. 18-cr-073-LM-1, 2021 WL 275444, at *2 (D.N.H. Jan. 27, 2021). In preparing its response to Mr. Perez's motion, the government consulted with Dr. J. Gavin Muir, Chief Medical

Officer of Amoskeag Health in Manchester, New Hampshire, regarding Mr. Perez's medical conditions. Dr. Muir opined that Mr. Perez suffers from medical conditions that increase his risk of suffering a severe case of COVID-19 should he become infected. However, the government argues that Mr. Perez has failed to demonstrate an extraordinary and compelling reason for a sentence reduction because he was recently offered a COVID-19 vaccination and declined. See doc. no. 158-1; see also United States v. Greenlaw, No. 1:18-cr-00098-JAW-06, 2021 WL 1277958, at *6 (D. Me. Apr. 6, 2021) ("Most courts have held vaccine refusal against defendants moving for compassionate release.") (collecting cases).

The court assumes arguendo that Mr. Perez's medical conditions give rise to an extraordinary and compelling reason for a sentence reduction despite his refusal to be vaccinated against COVID-19. See United States v. Lum, No. 18-cr-00073-DKW-1, 2021 WL 358373, at *5 n.19 (D. Haw. Feb. 2, 2021) (declining to consider vaccine refusal as an "automatic, disqualifying factor" for compassionate release). In this case, even if Mr. Perez could show an extraordinary and compelling reason for release, the sentencing factors outweigh Mr. Perez's showing and compel denial of his motion. See Delacruz v. United States, 471 F. Supp. 3d 451, 456-58 (D.N.H. 2020).

Mr. Perez pled guilty to conspiracy to distribute and to possess with intent to distribute 400 grams or more of fentanyl. See 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), 846. He was therefore subject to a mandatory minimum sentence of ten years. See 21 U.S.C. § 841(b)(1)(A)(vi). The court sentenced Mr. Perez to a fourteen-year

sentence, of which he has only served twenty-seven months. Releasing Mr. Perez after pleading guilty to such a serious crime having served only a minimal portion of a lengthy sentence—much of which was statutorily-mandated—would not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment, or afford adequate general or specific deterrence. See 18 U.S.C. § 3553(a)(2)-(3).

Moreover, the presentence report reflects that Mr. Perez has a lengthy criminal history as well as a history of noncompliance with supervised release. His proposed release plan involves his return to the residence where he distributed drugs and participated in the conspiracy giving rise to the instant offense. Given Mr. Perez's history of recidivism, noncompliance with supervision, and his inadequate release plan, release at this time is inconsistent with the need for Mr. Perez's sentence to ensure public safety. See 18 U.S.C. § 3553(a)(1)-(2).

## CONCLUSION

The sentencing factors outweigh Mr. Perez's reasons for release and compel denial of his motion. Thus, his motion for compassionate release (doc. no. 155) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 2, 2021

cc: Counsel of Record